JUDGE TUCKER.
This case, so far as the plea extends, is so precisely like the case of Kerr v. Dixon, that no distinction occurs to me, except that the one was an action of trespass, the other an action of slander. As a man might have several distinct grounds of justification in trespass, so may he in slander: as, that the words spoken *were true; that they were not spoken maliciously; but in the course of a judicial trial, examination, &c. The plaintiff ought to be apprised by the plea, which of these justifications the defendant means to rely on; otherwise he might be surprised at the trial, in this action, as well as in an action of trespass. The plea is therefore bad.
I should therefore be of opinion that the verdict ought to be set aside, and a re-pleader awarded, if the verdict had been for the defendant.
But here the verdict was for the plaintiff: the defendant ought not now to have advantage of his own ill pleading; it being a rule that a repleader is not grantable in favour of the person who makes the first fault in pleading, (b)
But I doubt whether upon this record any issue can be said to be joined: for the plea, if it had been formally and substantially pleaded, must have concluded with a verification, I presume; in which case the replication might have tendered in issue; but that would not have made up an issue without the defendant had replied and joined. On this point, therefore, I give no opinion.
On the point reserved by the bill of exceptions, I concur in the opinion formed by the other judges.
JUDGE ROANE.
In this case the plea of the appellant was illegal and exceptionable in not stating the particular kind of justification he relied on; and consequently injurious to the appellee, as it covered too much ground, and did not apprise him of any particular point to which the appellant meant to apply his evidence: yet the ap-pellee closed therewith, and has obtained a verdict, and the appellant now comes to object to the judgment founded thereon. His complaint, when analyzed, is, that whereas he ought to have selected one particular point on which to meet his adversary, he has been permitted to take a wider range, and to pursue a course more beneficial to himself, and more injurious to his opponent than the law allows.
*It is contrary to the uniform decisions in this Court to permit a party to object that for error which is for his own benefit, and has arisen from his own act. (c)
The general rule on this subject is to grant a repleader wherever the issue is so immaterial as that the Court cannot know for whom to give judgment, whether for plaintiff or defendant: but in this case no such uncertainty exists. So far from it, the plaintiff has, by supererogation, put in issue and shewn that no possible ground of justification exists, on which the defendant can bar him of his action.
With respect to the other point; the charge is of a perjury, or taking a false oath which goes to the “loss of ears.” Now, as the loss of ears is no part of the punishment of perjury at the common law, and is a part cf the punishment under the stat. of 5 Eliz. (d) the charge is of a statutory perjury, and not of perjury merely at the common law. No difference can arise on this point, from the omission in our act of 1789, to continue to annex that punishment to this crime at the present day: the defendant was perhaps not aware of this change in the act; but certainly did not mean the offence as at common law, as is manifest from his speaking of the loss of ears.
This charge, thus made by the plaintiff, and undertaken to be justified on the part of the defendant, cuts up by the roots a distinction taken by the appellant’s counsel, that the materiality of the perjury in question was not necessary to be shewn, inasmuch as a man may be guilty of perjury at the common law in swearing to what is not material; and it was admitted by the same counsel that, in relation to a statutory perjury, the swearing must be shewn to be material. That cannot be shewn, unless after proving what the words sworn on that trial were, it be shewn by the best evidence (the record) how they applied to the matter in question. It would be dangerous to admit parol proof of the contents of an indictment, or declaration; and there is certainly no necessity for it. The Court therefore was correct in refusing leave to the Jury to hear a witness to prove what was sworn upon the trial in question, unless the party producing him had also *'exhibited, or offered to exhibit, *704 a copy of the record containing the charge to which that evidence applied.
My opinion is that the judgment be affirmed.
JUDGE FLEMING.
The general plea of “justification” is certainly ill, and could not have been sustained on demurrer. But there being a general replication to that plea, there was an issue, though an informal one; and it is too late to take advantage of such informality, after verdict, especially by the party who committed the first fault in pleading. On the point mentioned in the bill of exceptions, all the Judges agree.
By the whole Court, judgment affirmed.

 2 Saunrt, 319. b. Bennet v. Holbech, note (6): Tidd’s Frac. K. IS. (Riley’s edit.) 829, 830.

 See the cases of Hammitt v. Bullitt’s Executors, 1 Call, 667, and Smith v. Harmanson, 1 Wash. 6, and others.

 i Bl. Com. 138.